UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

o

| | | |
|---|---|---|
| LITA Y. GRACE,<br>    *Plaintiff*, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION H-04-1182 |
| | § | |
| JOHN E. POTTER,<br>Post Master General,<br>United States Postal Service<br>    *Defendant*. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

Plaintiff Lita Y. Grace has filed a motion to extend the deadlines in the Rule 16 scheduling order. *See* Dkt. 29. Defendant John E. Potter is unopposed to most of the extensions, but does object to Grace's request for leave to amend her complaint and emphatically rejects Grace's putting forth this portion of her motion as unopposed. *See* Dkt. 31. As for the uncontested portion of the motion, the scheduling order is modified as follows:

1. **November 10, 2005**: Discovery shall be completed by this date.
2. **December 13, 2005**: Motion cut-off. No motion, including motions to exclude or limit expert testimony under Federal Rule of Evidence 702, shall be filed after this date except for good cause shown.
3. **January 30, 2006**: The Joint Pre-trial Order shall be filed on or before this date notwithstanding that a motion for continuance may be pending. Parties shall exchange all trial exhibits on or before this date notwithstanding that a motion for continuance may be pending. No late exchanges of exhibits will be permitted. All motions *in limine* shall be submitted with the pre-trial order. Failure to timely file a joint pre-trial order, motions *in limine*, or exchange all trial exhibits may result in this case being dismissed or other sanctions imposed, in accordance with all applicable rules.

    4.       **February 13, 2006** (10 am):  Trial Date (five days estimated trial time).

Turning to the opposed portion of the motion, the requested leave to amend, the original Rule 16 scheduling order (Dkt. 12) required amendments to pleadings to be filed by February 1, 2005. Grace's request for leave to amend was filed July 5, 2005.  *See* Dkt. 29.  In her motion, Grace states that she did not seek leave of court to amend her pleading by that date "due to oversight."  *Id*.  No further explanation is offered, even though further clarification was requested.  It is also not clear for what purpose Grace seeks leave to amend her complaint.

Federal Rule of Civil Procedure 15(a) provides that when a party moves to amend, leave "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a); *see also U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003).  Leave to amend should be freely given absent undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment.  *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

It is Rule 16(b), however, rather than the more permissive standard of Rule 15(a), that governs the amendment of pleadings after a scheduling order deadline has expired.  *See Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Rule 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause."  FED. R. CIV. P. 16(b).  The court looks to four factors to determine good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.

*Southwestern Bell*, 346 F.3d at 546; *S & W Enters.*, 315 F.3d at 536. It is only when the movant demonstrates "good cause" to modify a scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536.

With respect to the first factor, the explanation for the lack of timeliness, the court finds it sorely wanting. The only reason for the delay put forth by Grace is "oversight." Dkt. 29. This is clearly insufficient. "[A] party's failure to timely move for leave to amend due to inadvertence 'is tantamount to no explanation at all.'" *Curol v. Energy Res. Tech., Inc.*, 2004 WL 2609963, at *3 (E.D. La. 2004) (quoting *S & W Enter.*, 315 F.3d at 535); *see also Burkitt v. Flawless Records, Inc.*, 2005 WL 1155774, at *2 (E.D. La. 2005) (denying leave to amend complaint because it came three months after the deadline and offered no explanation for the late amendment).

From the record, there is no basis for the court to assess the final three factors dealing with the importance of the amendment or the potential prejudice to Potter. Grace has offered no indication why she wishes to amend her complaint, or in what manner she would like to do so. No explanation is given in the motion itself, and no proposed amended complaint was attached to the motion from which the court might discern the nature of the intended changes.[1] On this record, it is impossible to determine the extent to which Potter may be prejudiced. The court therefore finds that Grace simply has not proffered evidence of "good cause" for the delay.

---

[1] While there does not appear to be a rule expressly requiring it in this district, it is customary, as well as good practice, for the party applying for leave to amend to attach a copy of the proposed amended pleading with her motion. *See, e.g., Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment"); *Ladd v. Plummer*, 1993 WL 29120, at *1 (E.D. Pa. 1993) (finding that a motion for leave to amend was incomplete for failure to attach a copy of the proposed complaint); *Jones v. Elrod*, 1988 WL 40929, at *1 (N.D. Ill. 1998) (denying leave to amend because no proposed amended complaint was submitted); *Williams v. Wilkerson*, 90 F.R.D. 168, 169-70 (E.D. Va. 1981) (adopting a *per se* rule that when a plaintiff seeks leave to amend his complaint, a copy of the proposed amended pleading must be attached to the motion).

Accordingly, Grace's motion to amend her complaint is denied.

Signed on August 2, 2005, at Houston, Texas.

                                                Stephen Wm Smith
                                        United States Magistrate Judge