UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LITA Y. GRACE, § | | |
|     *Plaintiff*, § | | |
| § | | |
| vs. § | | CIVIL ACTION H-04-1182 |
| § | | |
| JOHN E. POTTER, § | | |
|     Postmaster General, United States § | | |
|     Postal Service § | | |
|     *Defendant*. § | | |

### MEMORANDUM AND ORDER

In this employment discrimination suit, plaintiff Lita Y. Grace contends her former employer, the United States Postal Service ("USPS"),[1] subjected her to a hostile work environment. The defendant moves to dismiss ancillary assault, slander, and Rehabilitation Act claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2] The court heard arguments on this motion, as well as the USPS's motion for summary judgment, on April 24, 2006. For the reasons below, the court grants in part the motion to dismiss. An opinion on the motion for summary judgment on the hostile work environment claim will follow.

The USPS relies on the federal government's sovereign immunity with respect to "[a]ny claim arising out of assault ... [and] slander...." as a defense to any such claim that Grace may be asserting. 28 U.S.C. § 2680(h). While Grace's complaint speaks of an assault and slander against her by other USPS employees, it was not clear that these were intended as independent causes of action, as examples of a hostile work environment, or both. At the motion hearing, Grace clarified

---

[1]     The named defendant, John E. Potter, is Postmaster General of the United States Postal Service.

[2]     *See* Dkt. 36.

that no tort claim is being brought against the government. Accordingly, this portion of the USPS's motion is moot.

Grace is clearly asserting a cause of action based on the Rehabilitation Act. 29 U.S.C. § 791, *et seq*.[3] In her complaint, Grace contends that the "Defendant failed to provide the plaintiff reasonable accommodations, according to the ... Rehabilitation Act...."[4] The Rehabilitation Act prohibits discrimination on the basis of disability in programs or activities conducted by executive agencies or by the Postal Service. *See* 29 U.S.C. § 794(a).[5]

Before bringing a claim under the Rehabilitation Act, however, a federal employee must exhaust her administrative remedies. *See, e.g., Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993); *Martin v. United States Post Office*, 752 F. Supp. 213, 217 (N.D. Tex. 1990). Grace has not done so. In her EEOC complaints filed in 2000, Grace alleged discrimination based on race, sex, and retaliation.[6] She did not allege disability discrimination or a failure to provide reasonable accommodations of her unidentified disability. She made a claim for medical expenses and noted that she needed shoulder surgery, purportedly as a result of the assault against her, and had made a claim for workers' compensation for the same, but she did not otherwise allude to or assert that the

---

[3]    At the motion hearing Grace also suggested that she is seeking relief under the Americans with Disabilities Act. The court notes, however, that a federal employee's exclusive remedy for employment related disability discrimination is the Rehabilitation Act. *See* 42 U.S.C. § 12111(5)(B) (excluding the United States as an employer under the ADA); *Plautz v. Potter*, 156 Fed. Appx. 812, 815-16 (6th Cir. 2005) (unpublished). Therefore the court will construe Grace's claim as one under the Rehabilitation Act.

[4]    Dkt. 2.

[5]    "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

[6]    *See* Dkt. 2, pp. 22, 37.

USPS failed to accommodate a disability. Thus, Grace has not exhausted her administrative remedies and this court therefore lacks subject matter jurisdiction to consider this claim. *See Prewitt v. United States Postal Serv.*, 662 F.2d 292, 303 (5th Cir. 1981); *Linthecome v. O'Neill*, 266 F. Supp. 2d 514, 517-18 (N.D. Tex. 2001) (failure of a federal employee to exhaust administrative remedies prevents a court from adjudicating employee's discrimination claims); *see also* 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 2004) (a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be appropriate when the plaintiff has failed to exhaust administrative procedures established by statute as a prerequisite to bring suit).

Signed on April 24, 2006, at Houston, Texas.

_____
Stephen Wm Smith
United States Magistrate Judge

3